J-S19039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BREHON LA-VAAN RAWLINGS, | : | |
| | : | |
| Appellant | : | No. 2807 EDA 2024 |

Appeal from the PCRA Order Entered September 5, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002086-2013

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY BECK, J.: FILED JULY 14, 2025

Brehon La-Vaan Rawlings ("Rawlings") appeals from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Because the petition is facially untimely and Rawlings failed to establish an exception to the statutory time bar, we affirm.

On December 25, 2012, Rawlings, Kevin Jones ("Jones"), and Kewon Matthews ("Matthews") swarmed Faith Clark ("Clark") in her vehicle and proceeded to rape her for approximately five hours. Over the five-hour period, Rawlings, Jones, and Matthews drove Clark's car to pick up drugs and took turns sexually assaulting Clark orally, vaginally, and anally. Clark repeatedly vomited throughout the assaults and DNA evidence matching Rawlings was

_____

[1] 42 Pa.C.S. §§ 9541-9546.

discovered in her vomit. Rawlings, Jones, and Matthews also stole Clark's purse, which contained her wallet and various personal items, her cellphone, and jewelry before leaving her in her vehicle near a gas station in Upper Darby. The police arrested Jones and Matthews and recovered Clark's purse at the home of a friend of Jones and Matthews. Rawlings' arrest occurred after Jones and Matthews implicated him in the assault.

On December 5, 2013, Matthews entered into a negotiated plea deal. Jones and Rawlings proceeded to a jury trial. On November 5, 2014, the morning of trial, Jones entered an open guilty plea. Rawlings then proceeded to a jury trial. Both Matthews and Jones testified for the Commonwealth at trial. Ultimately, the jury convicted Rawlings of numerous crimes. The trial court sentenced him to twenty-five to fifty years in prison. This Court affirmed the judgment of sentence on November 17, 2016. *See Commonwealth v. Rawlings*, 1597 EDA 2015 (Pa. Super. Nov. 17, 2016) (non-precedential decision).

On November 29, 2018, Rawlings filed a PCRA petition.[2] The PCRA court appointed counsel, who filed an amended petition, arguing that Rawlings' trial counsel provided ineffective assistance. The PCRA court dismissed the petition. This Court affirmed, finding the petition was untimely filed and

_____

[2] We note that Rawlings attempted to file his first PCRA petition on July 18, 2017. He addressed the PCRA petition to "PCRA Unit" of "Criminal Listings." The PCRA court uncovered the filing error after Rawlings contacted it about the status of his petition on October 22, 2018.

Rawlings failed to plead or prove any of the timeliness exceptions. ***Commonwealth v. Rawlings***, 496 EDA 2021 (Pa. Super. Nov. 2, 2021) (non-precedential decision).

On June 14, 2022, Rawlings filed his second PCRA petition, pro se, arguing, inter alia, his PCRA counsel was ineffective for failing to raise a claim that his direct appeal counsel was ineffective for failing to file a petition for allowance of appeal to the Supreme Court, and that the Pennsylvania Judicial System interfered with his initial PCRA petition by failing to transfer it to the appropriate location. The PCRA court appointed Rawlings counsel, who filed an amended PCRA petition, alleging, inter alia, that PCRA counsel was ineffective for failing to raise the timeliness issue in his first PCRA petition and that the judicial system should have transferred his initial filing to the court. The PCRA court held a hearing, after which it dismissed Rawlings' petition. The court found Rawlings' petition to be timely but lacking merit.

Rawlings filed a timely appeal and a court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). In his Rule 1925(b) concise statement, Rawlings abandoned his ineffective assistance of PCRA counsel claim and instead raised various claims that trial counsel provided ineffective assistance.

Rawlings raises the following questions for review:

1. Whether the PCRA court erred in denying [Rawlings'] PCRA petition where [Rawlings] was denied effective assistance of counsel, as guaranteed by the Pennsylvania and United States' Constitutions, when trial counsel failed to make a motion to

dismiss the jury and request that a new jury be empaneled after the co-defendant, who was present during jury selection and being tried with petitioner, entered a guilty plea and testified against the defendant, resulting in a tainted jury that was unable to be fair and impartial as to their verdict?

2. Whether the PCRA court erred in denying [Rawlings'] PCRA petition where [Rawlings] was denied effective assistance of counsel, as guaranteed by the Pennsylvania and United States' Constitutions, when trial counsel failed to request a curative instruction relating to the co-defendant no longer proceeding to trial after jury selection and in the alternative, entering a plea of guilty and testifying against [Rawlings]?

3. Whether the PCRA court erred in denying [Rawlings'] PCRA petition where [Rawlings] was denied effective assistance of counsel, as guaranteed by the Pennsylvania and United States' Constitutions, when trial counsel failed to request a continuance in order to prepare and reconsider proceeding to trial subsequent to the co-defendant entering and guilty plea and deciding to testify against [Rawlings]?

Rawlings' Brief at 5.

The threshold question we must address is whether Rawlings timely filed his second PCRA petition, or alternatively, whether he satisfied an exception to the statutory time bar. *See Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) ("Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed.") (quotation marks and citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard

of review is de novo and our scope of review is plenary." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." ***Id.*** § 9545(b)(2).

Rawlings' sentence became final on December 17, 2016, thirty days after the Superior Court affirmed his judgment of sentence. ***Id.*** § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

- 5 -

the review"). Thus, the instant PCRA petition, which Rawlings filed on June 14, 2022, is facially untimely.[3]

In both the PCRA petition and his brief before this Court, Rawlings fails to address the timeliness of the instant petition, let alone invoke any exceptions to the one-year time-bar. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013) (finding an untimely claim for ineffectiveness of counsel does not constitute an exception to the PCRA statutory time-bar). Therefore, neither the PCRA court nor this Court has jurisdiction to consider the merits of Rawlings' claims. *See Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims.") (citation omitted).

_____

[3] We note that in the order dismissing the PCRA petition, the PCRA court erroneously found the petition to be timely. PCRA Court Order, 9/5/2024. Further, in its Rule 1925(a) opinion, the PCRA court found Rawlings' claim that trial counsel was ineffective for failing to file a motion to dismiss the jury was timely because the claim had been raised in his first PCRA petition. *See* PCRA Court Opinion, 11/27/2024, at 4. However, it is well settled that the PCRA does not "contemplate[] or permit[] a court to innovate a non-textual exception to the PCRA's time-bar by indulging the fiction that a second or subsequent PCRA petition is an 'extension' of a previous petition which was rejected on the merits in an order that has since become final." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). Here, the PCRA court dismissed Rawlings' first PCRA petition, and this Court affirmed the dismissal based upon the untimeliness of the petition. Thus, the PCRA court could not find the claim raised in the instant PCRA petition to be timely filed based on the fact it was raised in the first PCRA petition. Likewise, the PCRA court could not find the second petition constituted an amendment of the first petition, as that petition was no longer pending and had been ruled upon both by the PCRA court and this Court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>7/14/2025</u>